IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ANTHONY J. BETANCUR,**

    Plaintiff,

vs.                                    Civ. No. 97-353 MV/DJS

**KENNETH S. APFEL,**
**Commissioner of Social Security,**[1]

    Defendant.


**MAGISTRATE JUDGE'S ANALYSIS AND RECOMMENDED DISPOSITION**[2]

    1.  Plaintiff invokes this Court's jurisdiction under 42 U.S.C. §405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner determined that Plaintiff is not eligible for disability insurance benefits.  Plaintiff moves this Court for an order reversing the Commissioner's final decision or remanding this matter for a rehearing.  The Court will review the Commissioner's

---

    [1] Kenneth S. Apfel was sworn in as Commissioner of Social Security on September 29, 1997.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Kenneth S. Apfel should be substituted therefore, for Acting Commissioner John J. Callahan as the Defendant in this suit.

    [2] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. Section 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections within the ten day period allowed if that party seeks appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner applied correct legal standards in making his findings. <u>Williams v. Bowen</u>, 844 F.2d 748 (10th Cir. 1988).

**Administrative History**

    2.    Plaintiff applied for disability insurance benefits and supplemental security income benefits on August 5, 1993 alleging disability since April 22, 1992 due to cerebral palsy. Tr. 37, 41, 155. The applications were denied initially and on reconsideration. Plaintiff requested and received a <u>de novo</u> review before an Administrative Law Judge (ALJ). A hearing was held before the ALJ at which Plaintiff and his attorney appeared. The Administrative Law Judge (ALJ) found that the Plaintiff was not insured for purposes of Title II for the time period at issue. Tr. 16. With respect to the SSI claim, the ALJ found that the Plaintiff has the ability to perform sedentary work. Tr. 22. The Appeals Council denied Plaintiff's request for review of the ALJ's decision. Tr. 5. The decision of the ALJ therefore became the final decision of the Commissioner for judicial review purposes.

**Statement of the Facts**

    3.    Plaintiff was born on September 17, 1963. He received his high school diploma following twelve years of special education classes. Tr. 81, 153, 156. His past jobs include cook, janitor, construction worker, forklift driver, and delivery person. Tr. 81-

82, 119-120, 157-158.

**Issues**

4.   Plaintiff alleges that the ALJ made four errors. Specifically Plaintiff claims that: (1) the ALJ's finding that Plaintiff can perform sedentary and light work is not supported by substantial evidence and is contrary to law; (2) reliance on the vocational expert's testimony is inconsistent with Plaintiff's residual functional capacity; (3) the vocational expert testified that Plaintiff could perform jobs that are above the unskilled level and there is no evidence in the record that Plaintiff could perform these jobs; and (4) the ALJ's rejection of part of Dr. Bradshaw's report is contrary to law.

**The Standard of Review**

5.   The function of this Court on review is not to try the Plaintiff's claim *de novo*, but to determine upon the whole record whether the Commissioner's decision is supported by substantial evidence.  Hamilton v. Secretary of Health and Human Services, 961 F.2d 1495, 1497-98 (10th Cir. 1992).  Substantial evidence is more than a scintilla but less than a preponderance of the evidence. Richardson v. Perales, 402 U.S. 389, 401 (1971).  It is such relevant evidence as reasonable minds might accept as adequate to support a conclusion.  Id.  It is well settled that if there is substantial evidence to support the Commissioner's decision then that decision must be upheld.  However, the district court should

not blindly affirm the Commissioner's decision but must instead scrutinize the entire record to determine if the Plaintiff's claim is supported by substantial evidence and the law has been correctly applied.  Hogan v. Schweiker, 532 F.Supp. 639, 642 (D.Colo. 1982).

6.   The Plaintiff must first make a *prima facie* showing of an impairment which effectively precludes him from returning to his past work.  Once that showing is made, the burden shifts to the Commissioner to show:  (1) that the Plaintiff, considering his age, education, work experience and physical shortcomings, has the capacity to perform alternative jobs and (2) that these specific types of jobs exist in significant numbers in the economy.  Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981); Salas v. Califano, 612 F.2d 480, 482-83 (10th Cir. 1979); Gardner v. Brian, 369 F.2d 443, 446-47 (10th Cir. 1966).

7.   To regularize the adjudicative process, the Social Security Administration promulgated regulations which establish a "sequential evaluation process" to determine whether a claimant is disabled.  20 C.F.R. §404.1520.  At the first three levels of the sequential evaluation process, the claimant must show: (1) that he is not engaged in substantial gainful employment;  (2) that he has an impairment or combination of impairments severe enough to limit the ability to do basic work activities; and (3) that his impairment meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404,

Subpt. P, App. 1.  If the claimant cannot show that he has met or equaled a listing, he must show at step four that he is unable to perform work he had done in the past.  At the fifth step, the burden of proof shifts to the Commissioner to show that the claimant is able to perform other substantial gainful activity considering his age, education, and prior work experience.  If a determination of disabled is found at any step, further inquiry is not required.  20 C.F.R. §404.1520.

    8.   Upon reaching the fifth step of the sequential evaluation process, the Medical-Vocational Guidelines (grids) are used in determining whether disability exists.  20 C.F.R. Part 404, Subpt. P, App. 2.  These grids reflect the existence of jobs in the national economy at various residual functional levels by incorporating administrative notice of some occupational publications and studies.  20 C.F.R. §404.1566(d).  This aids the Commissioner in determining what specific job types exist in the national economy for the claimant.  To apply the grids, the ALJ must make findings of fact as to age, education, work experience, and residual functional capacity.  20 C.F.R. §§404.1545, 404.1563-.1565.  These findings of fact are factored into the grids to produce a factual conclusion of disabled or not disabled.  20 C.F.R. §404.1569.  The grids assume that the claimant's sole limitation is lack of strength, i.e., an exertional impairment.  20 C.F.R. Part 404, Subpt. P, App. 2, §200.00(e)(2).

    9.   Where a claimant presents evidence of both exertional and

nonexertional impairments (such as pain, inability to maintain concentration, and substance abuse), the grids are not conclusive but merely form a framework for disability determination. Id. In that situation, the ALJ must make findings on how much a claimant's work ability is further diminished by the nonexertional limitations. Id. If the claimant's nonexertional limitations are significant enough to reduce further his or her work capacity, the ALJ may not rely upon the grids but instead must give full consideration to all relevant facts, including vocational expert testimony if necessary, in determining whether the claimant is disabled. Id.; Channel v. Heckler, 747 F.2d 577, 583 (10th Cir. 1984). However, the mere presence of nonexertional impairments does not automatically preclude reliance on the grids. Ray v. Bowen, 865 F.2d 222, 225 (10th Cir. 1989); Gossett v. Bowen, 862 F.2d 802, 807-08 (10th Cir. 1988); Channel, 747 F.2d at 582 n. 6.

**Discussion**

10. Plaintiff failed to carry his burden in establishing that he had a disabling impairment. To qualify for benefits Plaintiff must demonstrate, in accordance with the relevant portion of Section 223(d) of the Act, 42 U.S.C. §423(d), that he is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for at least 12 months. 42 U.S.C. §416(1)(10). The Act defines a

6

physical or mental impairment as one "that results from anatomical, physiological or psychological abnormalities which are demonstrated by medically acceptable clinical or laboratory diagnostic techniques." 42 U.S.C. §423(d)(3). The Commissioner's regulations require claimants to support their allegations through medically acceptable clinical and diagnostic techniques. 20 C.F.R. §404.1513.

11. The ALJ's residual functional capacity (RFC) determination is supported by substantial evidence and is not contrary to law. Residual functional capacity is the maximum performance a Plaintiff can sustain despite his limitations. 20 C.F.R. §416.945(a); 20 C.F.R. Pt. 404, Subpt. P, App. 2 §200.000(c); Soc. Sec. Rul. 83-10. Residual functional capacity assessments are based upon all the relevant evidence, which may include Plaintiff's own descriptions of limitations, as well as observations of examining medical professionals. 20 C.F.R. §416.945(a).

12. The ALJ determined that Plaintiff's only physical limitations is the need to adjust positions and to avoid using both sides of his body for lifting heavier objects. Tr. 19. The ALJ based his finding on Plaintiff's testimony and the report of Dr. Bradshaw. Charles I. Bradshaw, Ph.D. evaluated Plaintiff's intellectual abilities. Dr. Bradshaw's report is the sole medical evidence submitted by the Plaintiff during the relevant period. The ALJ found that Plaintiff's testimony was, for the most part,

credible.

    13.  Plaintiff's capabilities, limitations and activity levels are consistent with the RFC for light and sedentary work.  20 C.F.R. §§416.945(a) and 416.967(b).  At the August 1994 hearing, Plaintiff testified he could carry forty pounds continuously for two hours.  Tr. 17, 164.  Plaintiff said he could sit for sixty to ninety minutes, before needing to stretch for a "minute or two."  Tr. 17, 160.  In a prior job, Plaintiff was able to stand for sixty to ninety minutes.  Tr. 17, 164.  Plaintiff's physical condition has remained unchanged for a number of years.  Tr. 102.  Plaintiff reported to Dr. Bradshaw that sometimes he walks approximately two miles to his daughter's school bus stop.  Tr. 17, 103, 160.  His daily activities include housekeeping, cooking, and caring for small animals.  Tr. 17, 103.  With his family's help, Plaintiff built his own house.  Tr. 17, 100.  His right hand grip is weak, however he is left-handed.  Tr. 17, 160, 171.  Plaintiff told Dr. Bradshaw he could work if the job allowed him to change positions as needed and his employer allowed him to leave when having a "particularly bad day."  Tr. 18, 102.  Dr. Bradshaw observed during his interview that Plaintiff was able to move about without difficulty.  Tr. 17, 100.

    14.  The ALJ correctly properly consulted a vocational expert. Soliz v. Chater, 82 F.3d 373, 375 (10th Cir. 1996). The ALJ accurately represented Plaintiff's impairments to the vocational expert.  Thus, her testimony provided substantial evidence for the

ALJ's determination that significant numbers of jobs exist which the Plaintiff could perform.  See Hargis v. Sullivan, 945 F.2d 1482, 1492 (10th Cir. 1991).

15.  The ALJ found that Plaintiff could perform unskilled work.  Tr. 18-19.  The Commissioner agrees that some of the jobs listed by the vocational expert within Plaintiff's ability are not unskilled.  The error is, however, harmless.  Diaz v. Secretary of Health and Human Services, 898 F.2d 774, 777 (10th Cir. 1990).  Some of the positions listed by the vocational expert are unskilled.  A job with an "SVP" rating of 2 or less is "unskilled" under the Commissioner's regulations.  See 20 C.F.R. §416.968(a).  The position of parking-lot attendant has a SVP of 2 and a light exertional level.  DOT Listing 915.473-010.  The DOT lists two light messenger positions with an SVP of 2.  DOT Listings 230.663-010 and 239.677.010.  Additionally, there are two light SVP 2 small products assembly positions listed in the DOT.  DOT Listing 706.684-022 and 739.678-030.

16.  Contrary to Plaintiff's assertions the Commissioner need only show that Plaintiff can perform one or more occupations with a significant number of available positions.  Evans v. Chater, 55 F.3d 530, 532-33 (10th Cir. 1995).  There are over 400,000 jobs available nationally and 2000 available regionally, which the vocational expert testified Plaintiff could perform.  Even if the only unskilled job listed by the ALJ had been parking lot attendant, with 50,000 jobs available nationally, Plaintiff would

not be considered disabled.  <u>Trimiar v. Sullivan</u>, 966 F.2d 1326, 1329-1330 (10th Cir. 1992).  Further, contrary to Plaintiff's assertions, it does not matter if there are jobs in the area in which Plaintiff resides.  20 C.F.R. §416.966(a).

 17.  The ALJ was correct in discounting Dr. Bradshaw's conclusion that Plaintiff has only the "fair" capacity to behave in an emotionally stable manner, relate predictably in social situations and demonstrate reliability.  Tr. 109.  Dr. Bradshaw's own findings do not support this opinion.  Nor is this opinion consistent with the record which reveals none of these difficulties.  It is well established that any physician's opinion may be rejected when it is inconsistent with that physician's own treatment notes or the record as a whole.  <u>See</u> <u>Eggleston v. Bowen</u>, 851 F.2d 124, 1246-47(10th Cir. 1988).  Further, the vocational expert was aware of these limitations and she listed jobs Plaintiff could perform despite them.  Tr. 174-5, 165-7, 179.

 18.  Dr. Bradshaw, based on Plaintiff's responses in the MMPI, found that Plaintiff's personality was "basically within normal limits."  Tr. 18, 107.  Under the "Mental Health" section of his report he wrote:

> For the most part, [Plaintiff] enjoys being around others.  He likes the close association he has with his siblings, parents and in-laws (they also live in town and he sees them regularly).  He generally likes being around his wife and daughter.  He enjoys spending time in the evenings drawing or playing games on the floor with his daughter.  Tr. 18, 101.

Plaintiff has maintained a relationship with his girlfriend for

eight years. Tr. 100. Plaintiff said when he had been working in the past he had no problems getting along with others. Tr. 101. Plaintiff takes responsibility for caring for the small animals he owns, along with the trees and lawn. Tr. 100, 103. Plaintiff laughed a little at some of the errors he made during testing. Tr. 103.

    19. The Court notes that there are some inconsistencies in the record. The ALJ correctly resolved these inconsistencies in the record. <u>Diaz v. Chater</u>, 55 F.3d 300 (7th Cir. 1995).

## Recommended Disposition

For these reasons, I recommend that Plaintiff's Motion to Remand be denied.

_____
Don J. Svet
**UNITED STATES MAGISTRATE JUDGE**